

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| AARON DEMOND AGEE | PLAINTIFF |
| V. | CIVIL ACTION NO.: 3:23-cv-62-CWR-FKB |
| CITY OF TCHULA, MISSISSIPPI | DEFENDANT |

## COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW, the Plaintiff, Aaron Demond Agee, by and through his counsel, Watson & Norris, PLLC, brings this action against Defendant, City of Tchula, Mississippi. As more specifically set forth below, Plaintiff, Aaron Demond Agee, has been subjected to intentional discrimination in the terms and conditions of his employment with Defendant on the basis of his military service. The actions of the Defendant described herein constitute violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

## JURISDICTION AND VENUE

1. This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 et seq. (hereinafter "USERRA"). The City of Tchula, Mississippi, violated Plaintiff's USERRA rights by terminating Plaintiff while he was deployed and serving in the Army National Guard.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b).

3. The United States District Court for the Southern District of Mississippi is a proper venue for this action under 38 U.S.C. § 4323(c) because Defendant maintains a place of business in this judicial district.

4.  Pursuant to 38 U.S.C. § 4323(h), "No fees of court costs may be charged or taxed against any person claiming rights under [USERRA]."

## PARTIES

5.  Plaintiff, Aaron Demond Agee, is a male citizen of Sunflower County, Mississippi. At all relevant times, Plaintiff was a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §§ 4303(3), (9), and (16).

6.  Defendant, City of Tchula, Mississippi, may be served through Ann Polk, Mayor, 74 Blake Street, Tchula, Mississippi 39169.

7.  Defendant is an employer within the meaning of USERRA, 38 U.S.C. § 4303(4)(A) because it paid Plaintiff's salary or wages for the work he performed while he was a permanent employee and had control over his employment opportunities while he was employed for the Defendant.

## STATEMENT OF THE FACTS

8.  Plaintiff is a 32-year-old male resident of Sunflower County, Mississippi.

9.  Plaintiff was hired on July 7, 2017, as a Full Time Police Officer by the City of Tchula, Mississippi for the Tchula Police Department.

10. On June 7, 2018, the City of Tchula terminated Plaintiff while he was deployed and serving in the Army National Guard.

11. After Plaintiff was terminated, City Attorney Katherine Barrett informed the City of Tchula that terminating Plaintiff constituted a USERRA violation.

12. As a result, he was eventually reinstated.

13. Despite City of Tchula's recognition of their mistake and their reinstatement of Plaintiff, Plaintiff never received back pay for the time during which he was out of work due to the termination.

14. Plaintiff was terminated on June 7, 2018 and reinstated in September 2018.

15. Since Plaintiff averaged 171 hours per month and was paid an hourly rate of $10.80, Plaintiff was unpaid for a total of 513 hours, which amounts to a total of $5,540.40 for that time consisting of unpaid backpay.

16. Additionally, Plaintiff contends he was not paid by the City of Tchula for 15 days of paid military leave when he attended the Army National Guard annual training for three years in a row from 2017 to 2019.

17. Assuming Plaintiff was not paid for 15 eight-hour days, for each of the three years, at the hourly pay rate of $10.80, Mr. Agee contends he was not paid a total of $3,888.00 for that time consisting of unpaid military leave.

18. Mississippi Code § 33-1-21 (2019) states, "All officers and employees…of the State of Mississippi…who shall be members…of the Armed Forces of the United States…shall be entitled to leave of absence from their respective duties without loss of pay, time, annual leave, or efficiency rating, on all days during which they shall be ordered to duty to participate in training…for periods not to exceed fifteen (15) days, and…for such periods in excess of fifteen (15) days, be entitled to leave of absence from their respective duties without loss of time, annual leave, or efficiency rating until relieved from duty, and shall when relieved from such duty, be restored to the positions held by them when ordered to duty…"

3

19.   In sum, Plaintiff contends that the City of Tchula violated his USERRA rights and, at a minimum, owes him an outstanding balance of $9,428.40 for unpaid backpay and military leave.

## CAUSE OF ACTION

### COUNT I:  UNIFORMED SERVICES EMPLOYMENT AND REMPLOYMENT RIGHTS ACT - (USERRA)

20.   Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

21.   USERRA provides that "an employer may not discriminate in employment against or take any adverse employment action against any person because such person . . . has exercised a right provided for in this chapter." 38 U.S.C. § 4311(b). Further, Section 4311(a) provides that a "person who is a member of . . . a uniform service shall not be denied . . . retention in employment . . . on the basis of that membership, application for membership, performance of service, application for service, or obligation."

22.   Defendant violated Plaintiff's USERRA rights by terminating Plaintiff while he was deployed and serving in the Army National Guard.

23.   Defendant's violation of USERRA was willful and Plaintiff requests liquidated damages in an amount equal to the amount of his economic loss pursuant to 38 U.S.C. § 4323(d) (1)(C).

24.   Pursuant to 38 U.S.C. § 4323(h), Plaintiff further request an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Unpaid Back wages and Military Leave plus reinstatement; or
2. Future wages in lieu of reinstatement;
3. Liquidated damages;
4. Attorney's fees;
5. Lost benefits, including but not limited to, accrued but unused vacation pay and sick pay;
6. Pre-judgment and post-judgment interest, costs and expenses; and
7. Such further relief as is deemed just and proper.

THIS the 23rd day of January 2023.

        Respectfully submitted,

        AARON DEMOND AGEE, PLAINTIFF

By: /s/Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Nick Norris (MB#101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com