IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AARON DEMOND AGEE**,

                *Plaintiff*,

*v.*　　　　　　　　　　　　　　　　　　　　　　Cause No. 3:23-CV-00062-CWR-FKB

**CITY OF TCHULA, MISSISSIPPI**,

                *Defendant*.

## ORDER

Before the Court is Plaintiff Aaron Demond Agee's *Motion to Waive Filing Fee*. Docket No. 2. Mr. Agee argues that because his claims arise under the Uniformed Services Employment and Reemployment Rights Act (USERRA), the fee exemption provision of 38 U.S.C. § 4323(h) should apply to his suit. *Id*. at 1. Thus, the question here is whether 38 U.S.C. § 4323(h)'s provision exempting "fees or court costs" applies to filing fees. This question is one of first impression in this Circuit.

Congress passed the USERRA "to prohibit discrimination against persons because of their service" in the military. *Rogers v. City of San Antonio*, 392 F.3d 758, 762 (5th Cir. 2004) (citing 38 U.S.C. § 4301). In Subchapter 3 of that Act, Congress provided several mechanisms to assist veterans in enforcing the rights and privileges outlined elsewhere in the Act. *See* 38 U.S.C. §§ 4321–4326. Section 4323(h) was one such provision. That section provides that, in the context of litigation to enforce rights, "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 U.S.C. § 4323(h)(1).

The Seventh Circuit spoke to this precise question in *Davis v. Advocate Health Center Patient Care Exp.*, 523 F.3d 681 (7th Cir. 2008). Unable to locate guidance in the statutory scheme or legislative history, that court turned to the practices of the Supreme Court of the United States and other courts for insight. It found the Supreme Court's rule allowing veterans suing under a veteran's benefits statute to proceed "without prepayment of fees or costs" particularly "telling." 523 F.3d at 684 (citing U.S. Sup. Ct. Rule 40(1)). In light of the statute's plain language, and given the dearth of caselaw or evidence to the contrary, this Court finds the Seventh Circuit's analysis persuasive.

This outcome is supported by the Supreme Court's general approach to adjudicating veterans benefit statutes. The Court has long recognized that veteran's benefits statutes like the one at issue here should be construed in favor of the veteran. *See, e.g.*, *Boone v. Lightner*, 319 U.S. 561, 575 (1943); *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 284-85 (1946). The Court's precedents in this area appropriately recognize Congress's special solicitude for veterans and ensures that the interpretation of relevant provisions "fit[s] well in the pattern of legislation" designed to benefit them. *United States v. Oregon*, 366 U.S. 643, 647 (1961).

Therefore, Mr. Agee's motion is **GRANTED**. He is authorized to proceed without payment of the filing fee.

**SO ORDERED**, this the 26th day of January, 2023.

                                              s/ Carlton W. Reeves  
                                              UNITED STATES DISTRICT JUDGE